# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MENDOZA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, et al.,<br><br>　　　　Respondents. | 1:06-CV-01350 JMD HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY<br>[Doc. 21] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 3, 2009, the Court denied the petition for writ of habeas corpus with prejudice and directed the Court Clerk to enter final judgment in the case. The order denying the petition for writ of habeas corpus also contained the Court's decision declining to issue a certificate of appealability.

On June 3, 2009, Petitioner filed a motion for the Court to issue a certificate of appealability.[1] Noting that the Court has already declined to issue a certificate of appealability in this case, the Court finds nothing in Petitioner's motion compels a different outcome.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability provides as follows:

---

[1] The Court notes that the time to file a notice of appeal with the district court has long since lapsed. *See* Fed. R. App. P. 4(1)(1)(A) (stating that "In a civil case...the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgement or order appeal from is entered"). The judgement Petitioner is appealing was entered on April 3, 2009 and a notice of appeal has yet to be filed as of this date.

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 123 S.Ct. at 1034; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040. In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right

Accordingly, Petitioner's motion for a certificate of appealability is DENIED.

IT IS SO ORDERED.

**Dated:    June 9, 2009**            /s/ John M. Dixon
                                       UNITED STATES MAGISTRATE JUDGE

U.S. District Court
E. D. California
2